UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITTLE,<br><br>　　　　　Little,<br><br>　　v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-00300-TSH<br><br>**ORDER RE: MOTION TO REMAND; MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 12, 15 |

## I.　INTRODUCTION

Pending before the Court are a Motion to Remand (ECF No. 12), filed by Plaintiff Michael Little, and a Motion to Dismiss (ECF No. 15), filed by Defendants Pacific Gas and Electric Company and PG&E Corporation (collectively "PG&E"). On February 3, 2022, PG&E filed an Opposition to Little's Motion to Remand (ECF No. 20) and, on February 11, 2022, Little filed a Reply (ECF No. 25). On February 4, 2022, Little filed an Opposition to PG&E's Motion to Dismiss (ECF No. 22) and, on February 11, 2022, PG&E filed a Reply (ECF No. 23).

The Court finds these matters suitable for disposition without oral argument and **VACATES** the March 10, 2022 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Little's Motion for Remand, **DENIES** Little's request for attorneys' fees, and **DENIES AS MOOT** PG&E's Motion to Dismiss for the following reasons.[1]

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 16, 19.

## II. BACKGROUND

Plaintiff Michael Little has been employed by PG&E as a pre-apprentice lineman since 2011. ECF No. 1-1, Ex. 1 (Complaint) ¶ 6. Little alleges PG&E discriminated against him because of his disability. *Id.* ¶ 49. According to the complaint, in December 2014, Little was shocked with 12,000 volts of electricity and admitted to the hospital. *Id.* ¶ 54(a). After the December 2014 incident, Little experienced discrimination and retaliation, including derogatory comments, placement on an administrative action plan, failure to accommodate disability requests, delayed promotion, segregation from other workers, and failure prevent further discrimination because of his disability and related safety complaints. *Id.* ¶¶ 10-28, 54, 60-63.

On December 13, 2021, Little filed a complaint in Superior Court of California County of San Francisco alleging four causes of action: (1) disability discrimination and harassment in violation of Government Code § 12940, California's Fair Employment and Housing Act ("FEHA"), (2) retaliation in violation of FEHA, (3) failure to prevent discrimination, harassment, and retaliation in violation of FEHA, and (4) intentional infliction of emotional distress ("IIED"). *Id.* ¶¶ 47-70.

On January 14, 2022, PG&E removed Little's action to federal court pursuant to 28 U.S.C. § 1331, claiming the Court has federal question jurisdiction and plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"). ECF No. 1 (Notice of Removal).

Little now moves to remand this action to the San Francisco Superior Court on the ground that Section 301 preemption does not apply to his state claims. ECF No. 12. PG&E concurrently moves to dismiss Little's complaint. ECF No. 15.

## III. LEGAL STANDARD

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). A plaintiff may move to remand a case to the state court from which it was removed if the district court lacks jurisdiction or if there is a

2

defect in the removal procedure.  28 U.S.C. § 1447(c).

"As a general rule, 'the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the Little's properly pleaded complaint.'" *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.  Because of the "strong presumption" against removal jurisdiction, the defendant always bears the burden of establishing removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## IV.   DISCUSSION

### A.   Motion to Remand

PG&E argues Little's claims are governed by a collective bargaining agreement ("CBA") and therefore preempted by Section 301 of the LMRA.[2]  ECF No. 1 (Notice of Removal).  Little argues claims neither arise from nor require interpretation of the CBA.  ECF No. 12 at 4.

Under Section 301 of the LMRA, "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C. § 185(a).  "Although normally federal preemption is a defense that does not authorize removal to federal court, [Section] 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Industries Inc.,* 913 F.3d 1146, 1152 (9th Cir. 2019) (citing *Metro. Life Ins. V. Taylor*, 481 U.S. 58, 65 (1987)).  Thus, "a civil complaint raising claims preempted by [Section] 301 raises a federal question that can be removed to a federal court." *Id*.

The Supreme Court stressed that Section 301 "cannot be read broadly to pre-empt

---

[2] [2] In support of PG&E's notice of removal, PG&E requests the Court take judicial notice of the CBA.  ECF No. 1-3. Little did not file an opposition or indicate its opposition to PG&E's request. The Court **GRANTS** PG&E's request for judicial notice. *See Johnson v. Sky Chefs, Inc.,* No. 11-cv-5619-LHK, 2012 WL 4483225, at *1 n.1 (N.D. Cal. Sept. 27, 2012) ("Courts routinely take judicial notice of the governing collective bargaining agreement where necessary to resolve issues of preemption.")

nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994). "'[S]etting minimum wages. . . protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states,' and claims alleging violations of such protections will not necessarily be preempted, even when the Plaintiff is covered by a CBA." *Curtis*, 913 F.3d at 1152 (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 919-920 (9th Cir. 2018)). The Ninth Circuit applies a two-step test to determine whether Section 301 preemption applies:

> [1] Does the claim seek purely to vindicate a right or duty created by the CBA itself? If so, then the claim is preempted, and the analysis ends there.
>
> [2] But if not, we proceed to the second step and ask whether a Little's state law right is substantially dependent on analysis of the CBA, which turns on whether the claim cannot be resolved by simply looking to versus interpreting the CBA.

*Columbia Export Terminal, LLC. V. Int'l Longshore and Warehouse Union*, 23 F.4th 836, 842 (9th Cir. 2022). The Court will consider Little's claims in turn.

**1.    Discrimination and Retaliation Claims**

PG&E argues Little's discrimination and retaliation claims are based on seniority, accommodation, job bidding, promotion, return to work, grievance, transfer, and apprentice training rights that arise exclusively from the CBA. ECF No. 20 at 6-8. Little argues his discrimination and retaliation claims are based on rights established by FEHA. ECF No. 12 at 11.

The Ninth Circuit has held that "[t]he rights conferred by the [FEHA] are 'defined and enforced under state law without reference to the terms of any collective bargaining agreement.' Actions asserting those rights are thus independent of [CBAs]." *Ramirez v. Fox Television Station, Inc*., 998 F.2d 743, 748 (9th Cir. 1993)) (internal citations omitted). Here, Little alleges PG&E discriminated and retaliated against him because of his disability and in violation of the FEHA.[3] *See* Complaint ¶¶ 8; 15; 49; 54(a); 54(b); 60. Accordingly, even if Little's claims

---

[3] The FEHA prohibits an employer from discriminating against an employee who is a member of a protected class (i.e., race, gender, physical disability, mental disability, etc.) with respect to the terms and conditions of his or her employment. *See* Cal. Gov. Code § 12940(a).

4

involve instances of discrimination and retaliation related to PG&E's procedures, Little's claims are based on rights conferred by the FEHA and not exclusively by the CBA. *See Elraf v. Able Services*, No. 16-cv-6316-SBA, 2017 WL 1738008, at *7 (N.D. Cal. May 1, 2017) (finding plaintiff's FEHA discrimination claims involving termination of employment after family leave not exclusively based on CBA); *Lencioni v. UA Local 467, Plumbers, Steamfitters & Refrigeration Fitters*, No. 16-cv-4518-JCS, 2016 WL 6069232, at *7 (N.D. Cal. Oct. 17, 2016) (finding plaintiff's FEHA retaliation claims involving employer's denial of disability accommodation request not solely based on CBA). The Court finds Little's claims do not purely seek to vindicate a right or duty created by the CBA itself.

The Court now turns to the second step of the Ninth Circuit's Section 301 preemption test. PG&E argues Little's rights are substantially dependent on analysis of the CBA because PG&E will argue, as a defense in the action, that it acted legitimately, without discrimination, and in compliance with the CBA. ECF. No. 20 at 8-9. PG&E asserts its CBA defense triggers Section 301 preemption. *Id*.

The Court disagrees. "[T]he fact that a CBA will be consulted in the course of state law litigation does not require preemption. A defense based on the CBA is alone insufficient to require preemption." *Ward v. Circus Circus Casinos, Inc*., 473 F.3d 994, 998 (9th Cir. 2007). Instead, "[t]he plaintiff's claim is the touchstone for [the substantially dependent] analysis; the need to interpret the [CBA] must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, [Section] 301 preemption is not mandated simply because the defendant refers to the [CBA] in mounting a defense." *Cramer v. Consolidated Freightways, Inc*., 255 F.3d 683, 691 (9th Cir. 2001). "Causes of action that only 'tangentially involv[e]' a provision of a collective-bargaining agreement are not preempted by section 301." *Ramirez*, 998 F.2d at 748.

Little alleges PG&E discriminated and retaliated against him *because of his disability*. *See* Complaint ¶¶ 8; 15; 49; 54(a); 54(b); 60. Such allegations require inquiry into PG&E's conduct and application of PG&E's procedures—not into the terms of the CBA itself. *See Brown v. Brotman Medical Center Inc.,* 571 Fed.Appx. 572, 575 (9th Cir. 2014) ("The elements of

5

[retaliation] claim require an inquiry into the respective actions of the employer and the employee . . .This inquiry will not depend on interpretation of terms in the CBA."); *Schrader v. Noll Mfg. Co.*, 91 Fed. Appx. 553, 555 (9th Cir. 2004) ("We have consistently held that state law discrimination claims under the FEHA do not require courts to interpret the terms of a CBA and are therefore not preempted by § 301. . . even where the CBA closely regulates the conduct that the plaintiff claims to be discriminatory.")  The allegations of the complaint are not based on the CBA and Little admits he does not dispute the meaning of the CBA's terms.  ECF No. 12 at 5. *See Curtis*, 913 F.3d at 1153 (9th Cir. 2019) ("[At] this second step of the analysis, claims are only preempted to the extent there is an active dispute over the meaning of contract terms.") Thus, the complaint's reference to PG&E's procedures does not warrant preemption.  *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000) ("[T]he term 'interpret'. . . means something more than 'consider,' refer to,' or 'apply.'"); *Elaref v. Able Services*, No. 16-cv-6316-SBA, 2017 WL 1738008, at *7 (N.D. Cal. May 1, 2017) ("Plaintiff alleges that he was terminated *on account of his race* . . . . even if the CBA's definition of permanent and temporary employees were germane to Plaintiff's claims or the SEIU's defense, that alone is insufficient to establish complete preemption under the [Section] 301 of the LMRA").

The Court finds Little's state law claims are not substantially dependent on an analysis of the CBA.  *See Ramirez*, 998 F.2d at 748 ("In every case in which we have considered an action brought under the [FEHA], we have held that it is not preempted by section 301."); *Coverson v. Pacific Gas and Electric Co.,* No. 20-cv-5454-DMR, 2020 WL 6373507, at *4 (N.D. Cal. Oct. 30, 2020) ("Coverson challenges PG&E's discriminatory or retaliatory motives in its decision to invoke or not invoke the job bidding process. The parties will no doubt make reference to the job bidding process as outlined in the CBA, but Coverson's claims do not require interpretation of the CBA.").

  **2.**  **IIED Claim**

PG&E argues Little's IIED claim is preempted by Section 301 because the reasonableness or outrageousness of PG&E's conduct will depend on the employer and employee rights governed

6

1 by the CBA. ECF No. 20 at 12.

2     Little's IIED claim is based on the same conduct and allegations as his discrimination and
3 retaliation claims. For the same reasons stated above, the Court finds Little's IIED claim is not
4 preempted by the LMRA. *See Elaref*, 2017 WL 1738008 at *7 (finding IIED claims based on
5 same allegations of discrimination and retaliation under FEHA not preempted by Section 301);
6 *Dang v. Sutter's Place, inc.*, No. 10-cv-2181-RMW, 2010 WL 4919477, at *5 (N.D. Cal. Nov. 24,
7 2010) ("Plaintiff's emotional distress [claim] . . . [is] not preempted because they are not
8 predicated upon violations of the CBA but rather on violations of state law.")

## B. Request for Attorney's Fees

    Little requests attorney's fees incurred as a result of the removal. ECF No. 12 at 13. Little requests $3,500 and argues PG&E had no credible argument in seeking removal. *Id*.

    "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has wide discretion regarding whether to award attorney fees in an order to remand. *See Moore v. Permanente Medical Group*, 981 F.2d 443, 447 (9th Cir. 1992).

    The Court declines to award fees and costs under 28 U.S.C. § 1447(c). Little fails to provide any evidence of the amount of fees and costs actually incurred. *See Mendoza v. Yu*, No. 21-cv-08632-TSH, 2022 WL 17862, at *3 (N.D. Cal. Jan. 3, 2022) ("The Court declines to award fees for this generalized billing entry."); *cf. Smith v. Smith*, No. 21-cv-8691-TSH, 2021 WL 5585717, at (N.D. Cal. Nov. 30, 2021) (awarding attorney's fees in part because plaintiff provided declaration of counsel stating reasonable hourly rate for work on motion to remand).

///
///
///
///
///
///
///

7

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Little's Motion to Remand and **DENIES AS MOOT** PG&E's Motion to Dismiss. Plaintiff's request for attorney's fees and costs is **DENIED**. The Clerk of Court shall remand this case to the Superior Court of the County of San Francisco. The initial case management conference scheduled for April 14, 2022 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: March 1, 2022

THOMAS S. HIXSON
United States Magistrate Judge